# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN ROSE, ) | |
| ) | CIVIL ACTION NO.: |
| Plaintiff, ) | 1:19-cv-00009-CCC |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MOUNTAINVIEW ) | |
| THOROUGHBRED RACING ) | |
| ASSOCIATION, LLC, D/B/A ) | |
| HOLLYWOOD CASINO AT ) | |
| PENN NATIONAL RACE ) | |
| COURSE, ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Karen Rose, a resident of York County, Pennsylvania, by and through her attorneys, McCarthy Weisberg Cummings, P.C., brings this civil action for damages against the above named Defendant, Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Karen Rose ("Mrs. Rose"), is an adult individual residing in York County, Pennsylvania.

4. Defendant Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course ("Penn National") is a Pennsylvania limited liability company, with a principal place of business located at 777 Hollywood Boulevard, Grantville, Dauphin County, Pennsylvania.

5. At all times relevant and material hereto, Penn National owned and operated the Hollywood Casino, located at 777 Hollywood Boulevard, Grantville, Dauphin County, Pennsylvania, which included the Final Cut Steakhouse restaurant (the "Final Cut").

6. At all times relevant to this Complaint, Penn National employed in excess of fifteen (15) individuals.

## ADMINISTRATIVE PROCEEDINGS

7. On or about November 9, 2018, Mrs. Rose filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC"), which was docketed as EEOC Charge No. 530-2019-00843, alleging discrimination based on sex and retaliation against her former employer, Penn National.

8. Mrs. Rose has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated December 3, 2018.

9. Mrs. Rose has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

10. Mrs. Rose worked at Hollywood Casino from in or about August 2013 until her termination on or about July 13, 2018, and had been stationed in the Final Cut as a bartender for the last four years of her employment.

11. In or about the summer of 2016, a new manager, Kirsten Lorditch, took over as manager at the Final Cut.

12. Over time, and particularly in the summer of 2017 and beyond, Ms. Lorditch began to show favoritism towards male employees.

13. Ms. Lorditch also exhibited inappropriate behavior with male employees.

14. Examples of Ms. Lorditch's inappropriate behavior included:

   a. Ms. Lorditch gave a back rub to one of the male servers during work hours.

   b. Ms. Lorditch would make physical contact with the main chef, a male. They would put their arms around each other, and Ms. Lorditch would rub his head.

   c. Male servers would be permitted to be late to pre-shift meetings without repercussions, whereas females were reprimanded.

   d. Males servers were sometimes excused from pre-shift meetings on Sundays, or at least told that they did not have to worry about the meetings, while female servers were always required to attend pre-shift meetings on Sundays.

   e. Male servers were not held to the same standard with respect to the "recovery policy."

   f. Female servers were always micromanaged by Ms. Lorditch even when there were male servers who legitimately needed help with certain issues.

   g. Male servers were given assistance when needed while Ms. Lorditch often ignored female servers who asked for assistance.

      h. Ms. Lorditch's demeanor, body language, and tone of voice with male servers was much different than with females. Males were treated in a more relaxed and even flirtatious manner, while females were micromanaged and treated more sternly.

15. Mrs. Rose reported her concerns about this inappropriate conduct and disparate treatment.

16. Mrs. Rose first tried to discuss these issues directly with Ms. Lorditch; however, that attempt only resulted in Ms. Lorditch writing Mrs. Rose up on two occasions.

17. Next Mrs. Rose made a good faith report to Brian Collins, the Director of Food and Beverage.

18. However, instead of addressing Mrs. Rose's complaint, the report to Mr. Collins against resulted in Ms. Lorditch retaliating against Mrs. Rose with two more unfounded write-ups.

19. In or about May 2018, Mrs. Rose made yet another good faith report of Ms. Lorditch's behavior to Nicole Derr in Human Resources.

20. Following an alleged investigation in which Ms. Derr advised Mrs. Rose in or about June 2018 that there was no validation for her concerns, Mrs. Rose was terminated by Ms. Lorditch on July 13, 2018, using the pretext of an alleged, but unfounded, infraction.

21. The serious and pervasive discrimination Mrs. Rose was forced to endure because of her gender, as well as her termination following good faith reports of the discrimination, were in violation of Title VII of the Civil Rights Act of 1964.

## COUNT I
## GENDER DISCRIMINATION

22. The averments of Paragraphs 1 through 20 above are incorporated by reference as though fully set forth herein.

23. Penn National created, permitted, tolerated, encouraged and fostered an environment of discrimination based upon gender, in which male employees were favored over female employees, at the Final Cut where Mrs. Rose worked, which discriminatory environment was ongoing and pervasive during Mrs. Rose's employment.

24. The acts of Penn National, and its officers, agents and employees manifesting and permitting this discriminatory environment, insofar as they are known to Mrs. Rose, included allowing Ms. Lorditch to overtly favor male workers and engage in inappropriate activity with them in the workplace, and continuing to allow this situation to occur despite Mrs. Rose's repeated complaints and reports.

25. The discriminatory environment was specifically known to Penn National's management and Human Resources Department, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

26. As a consequence of the discriminatory environment supported and encouraged by Penn National's actions and failures to act, Mrs. Rose was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

27. As a result of the discriminatory environment, Mrs. Rose has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

28. The actions of Penn National set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Karen Rose respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood

Casino at Penn National Race Course, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## RETALTIATION

29. Paragraphs 1 through 28 above are incorporated herein by reference as if more fully set forth at length.

30. Subsequent to Mrs. Rose reporting the discriminatory and inappropriate environment, Penn National retaliated against Mrs. Rose and terminated her employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

31. As a consequence of Penn National's wanton and willful acts of retaliation, Mrs. Rose was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

32. As a result of Penn National's retaliation, Mrs. Rose has suffered economic loss, including loss of earnings, emotional distress,

physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

33. The actions of Penn National set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Karen Rose respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Mountainview Thoroughbred Racing Association, LLC, d/b/a Hollywood Casino at Penn National Race Course, together with back pay and front pay, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

                                        Respectfully submitted,

                                        Weisberg Cummings, P.C.

<u>January 14, 2019</u>          <u>*/s/ Larry A. Weisberg*</u>
Date                            Larry A. Weisberg
                                    PA Bar I.D. #: PA83410
                                    lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings
PA Bar I.D. #: PA83286
dcummings@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*